

# Supreme Court
STATE OF LOUISIANA
New Orleans

CHIEF JUSTICE
    CATHERINE D. KIMBALL      Fifth District
JUSTICES
    GREG G. GUIDRY      First District
    JEFFREY P. VICTORY      Second District
    JEANNETTE THERIOT KNOLL      Third District
    MARCUS R. CLARK      Fourth District
    JOHN L. WEIMER      Sixth District
    BERNETTE J. JOHNSON      Seventh District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 ROYAL STREET, SUITE 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

November 8, 2010

Hon. William K. Suter
Clerk, U.S. Supreme Court
Office of the Clerk
Washington, D.C. 20543

10-mc-91

Re:     In Re: Daniel E. Becnel, III
           La. Bar Roll no. 20692
           La. Supreme Court docket no. 2010-B-0884

Dear Mr. Suter:

Enclosed please find the action taken by this Court in the above-entitled matter, which is self-explanatory. The case became final in this Court on **November 3, 2010.**

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court

By:     *Rachel Edelman*
        Rachel Edelman
        Deputy Clerk

RE:pal
Enclosure
ccs:     Hon. Lyle W. Cayce, Clerk,
         U.S. Court of Appeals, Fifth Circuit
         Hon. Loretta G. Whyte, USDC, Eastern District
         Beth Perry, USDC, Middle District
         Hon. Tony R. Moore, USDC, Western Dist.
         Hon. Charles B. Plattsmier, Disciplinary Counsel
         Denise Tingstrom, Director of Admin., LSBA
         Donna Roberts, Administrator, Disciplinary Board
         U.S. Surface Transportation Board
         Regional Director, IRS
         Hon. Hugh M. Collins, Ph.D., Judicial Administrator
         Breezy Borello, Notarial Archives
         Dianne M. Pryor, Off. of Hearing/Appeals Social Security Administration
         Cynthia Cotton, Notarial Division, Secretary of State Office
         Steven St. Cyr, IRS

         Hon. Christine L. Crow
         Clerk, 1st Circuit Ct. Of Appeal
         Hon. Lillian Evans Richie
         Clerk, 2nd Circuit Ct. Of Appeal
         Hon. Charles K. McNeely
         Clerk, 3rd Circuit Ct. Of Appeal
         Hon. Danielle Schott
         Clerk, 4th Circuit Ct. Of Appeal
         Hon. Peter Fitzgerald
         Clerk, 5th Circuit Ct. Of Appeal

**No pending cases

PER CURIAM*

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Daniel E. Becnel, III, an attorney licensed to practice law in Louisiana.

## PRIOR DISCIPLINARY HISTORY

Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1991. In 2005, this court considered a joint petition for consent disciplined filed by respondent and the ODC. The petition for consent discipline encompassed two sets of formal charges with a combined total of nine counts of misconduct. The parties stipulated that respondent engaged in three instances of neglect of a legal matter, five instances of failure to communicate with a client, and two instances of failure to promptly remit funds to third parties. For this misconduct, the parties proposed respondent be suspended from the practice of law for one year and one day, fully deferred, subject to eighteen months of supervised probation with conditions. The court accepted the joint petition for consent discipline on April 29, 2005. *In re: Becnel*, 05-0831 (La. 4/29/05), 900 So. 2d 836.

---

* Retired Judge Philip C. Ciaccio, assigned as Justice *ad hoc*, sitting for Chief Justice Catherine D. Kimball.

Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.

## UNDERLYING FACTS

In November 2006, Jody LaCombe retained respondent to represent his brother, Owen LaCombe, in post-conviction relief and/or appellate proceedings. Jody paid respondent an advanced flat fee of $5,000. Respondent accepted the representation even though he had no prior experience doing post-conviction legal work.

Respondent reviewed the record of Owen's state court criminal case and conducted legal research. However, he was unable to find any non-frivolous legal arguments that would benefit Owen and, therefore, he did not file an application for post-conviction relief in state court. Nevertheless, respondent did not advise Owen that there was nothing of any legal substance he could do for him, nor did he refund the unearned portion of the advanced fee.

Instead, on February 26, 2007, respondent filed on Owen's behalf a habeas petition in the United States District Court for the Middle District of Louisiana, based on arguments Owen provided,[1] even though respondent knew the habeas petition did not contain any non-frivolous legal arguments. On March 5, 2007, the Middle District informed respondent that he was not admitted to practice law in the court and needed to complete the forms for admission and pay the bar dues.[2] Respondent

---

[1] Owen filled out, by hand, a habeas petition form, and respondent had the document typed for filing in federal court. Respondent did not believe the grounds for relief asserted by Owen had merit.

[2] Respondent represents that his membership in the Middle District bar had lapsed due to non-payment of dues.

2

completed the forms, paid the bar dues, and was admitted to practice law in the Middle District. He was added as Owen's counsel of record on June 19, 2007.

On September 21, 2007, the United States magistrate judge recommended the habeas petition be dismissed with prejudice because (1) the habeas petition was not timely filed;[3] (2) Owen had not exhausted his state court remedies; and (3) respondent did not file a memorandum in support of the habeas petition, pursuant to the rules of court. Respondent did not file an opposition to the recommendation of the magistrate judge. Accordingly, the United States District Court judge dismissed the habeas petition with prejudice on October 12, 2007.

## DISCIPLINARY PROCEEDINGS

In May 2009, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.1(c) (failure to pay bar dues and the disciplinary assessment), 1.2(a) (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(a) (charging an unreasonable fee), 1.5(f)(5) (failure to refund an unearned fee), 1.16(a)(1) (a lawyer shall not represent a client or shall withdraw from the representation of a client if the representation will result in a violation of the Rules of Professional Conduct or other law), 1.16(d) (obligations upon termination of the representation), 3.1 (meritorious claims and contentions), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the

---

[3] The habeas petition should have been filed by November 28, 2005, one year after the finality of Owen's conviction and sentence.

3

Case 3:10-mc-00091-UNA   Document 1   11/10/10   Page 4 of 13

administration of justice). Respondent, through counsel, answered the formal charges, denying he intentionally committed any material violation of the Rules of Professional Conduct. The matter then proceeded to a formal hearing on the merits.

*Hearing Committee Report*

Following the hearing, the hearing committee made the following factual findings:

1) In November 2006, Jody LaCombe retained and paid respondent an advanced flat fee of $5,000 to represent Owen LaCombe in state court post-conviction relief and/or appellate proceedings;

2) Respondent had no prior experience doing post-conviction legal work;

3) Respondent reviewed Owen's state court criminal case record and conducted some legal research;

4) Respondent was unable to find any non-frivolous legal arguments that would benefit Owen;

5) Owen provided respondent with a form for a federal court writ of habeas corpus, which Owen had filled out by hand;

6) Respondent had the document typed, and on February 26, 2007, he filed Owen's habeas petition in the United States District Court for the Middle District of Louisiana;

7) Respondent did not file a memorandum in support of the habeas petition;

8) Respondent knew the habeas petition did not contain any substantive non-frivolous legal arguments;

9) Respondent did not advise Owen that he believed the habeas petition did not contain any substantive non-frivolous legal arguments;

4

10) Respondent did not advise Owen there was nothing of any legal substance he could do for him or refund any portion of the advanced fee;

11) On September 21, 2007, the U. S. magistrate judge recommended the habeas petition be dismissed with prejudice because: it was not timely filed, state court remedies had not been exhausted, and respondent did not submit a memorandum in support of the petition;

12) Respondent did not file an opposition to the magistrate judge's recommendation;

13) On October 12, 2007, the U.S. district judge dismissed the habeas petition with prejudice; and

14) Respondent was unfamiliar with the law involved in post-conviction relief. Therefore, he was unaware Owen's claim was not timely filed, he was unaware there was a failure to exhaust state court remedies, and he was unaware of the subsequent consequences of those facts.

Based on these findings, the committee determined respondent violated Rules 1.1(a), 1.1(c), 1.2(a), 1.3, 1.4, 1.5(a), 1.5(f)(5), 1.16(d), 3.4(c), 8.4(c), and 8.4(d) of the Rules of Professional Conduct. Respondent provided Owen with no meaningful advice or counsel and did not file a memorandum in support of the habeas petition; therefore, he did not earn the $5,000 fee. However, the committee found no violation of Rules 1.16(a)(1) and 3.1, reasoning that respondent's filing of the frivolous habeas petition "seems to pale in comparison to the behavior that accompanied that decision."

The committee determined the following aggravating factors are present: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct (considering the misconduct involved in his prior discipline), vulnerability of the

victim, substantial experience in the practice of law (admitted 1991), and lack of remorse. The committee did not discuss the presence of any mitigating factors.

Under these circumstances, the committee recommended respondent be suspended from the practice of law for nine months and pay $5,000 in restitution.

The ODC filed an objection to the hearing committee's report and recommended sanction.

*Disciplinary Board Recommendation*

After reviewing this matter, the disciplinary board determined the hearing committee's factual findings are not manifestly erroneous and adopted same. Based on these facts and supporting documentation in the record, the board made the following determinations concerning the alleged violations of the Rules of Professional Conduct:

Rule 1.1(a): The board found the record contains evidence of respondent's failure to understand the principles involved in the complex post-conviction relief process in both state and federal court. The record also contains evidence that respondent's research on the subject was completely inadequate. Therefore, respondent failed to provide Owen with competent representation, in violation of Rule 1.1(a).

Rule 1.1(c): The board determined the charged violation of Rule 1.1(c) appears to be a typographical error. The ODC did not introduce evidence to support a finding that respondent violated this rule.

Rule 1.2(a): The board found respondent failed to inform Owen of his opinion that there were no meritorious grounds for pursuing post-conviction relief in state court and that the habeas petition Owen drafted failed to state any non-frivolous

6

Case 3:10-mc-00091-UNA   Document 1   11/10/10   Page 7 of 13

ground for seeking federal relief. Furthermore, respondent filed the habeas petition without consulting with Owen, despite Owen's request that he be consulted first. Therefore, respondent violated Rule 1.2(a) as charged.

Rule 1.3: The board found respondent failed to file any pleadings on Owen's behalf in state court. Indeed, the evidence submitted by respondent provides a scant record of any research he may have done on Owen's behalf. Respondent also failed to file a memorandum in support of the habeas petition and did not take any other action on Owen's behalf after filing the petition. Therefore, finding respondent failed to act with reasonable diligence and promptness in representing his client, the board determined he violated Rule 1.3 as charged.

Rule 1.4: The board found respondent failed to reasonably consult with Owen about the means by which the objective of the representation was to be accomplished and failed to properly and promptly notify Owen of the outcome of the habeas petition. Respondent also failed to advise Owen that 1) he did not believe there were any non-frivolous legal arguments to be made in the habeas petition, 2) there was nothing of legal substance he could do to assist Owen, and 3) he was not admitted to practice law in the Middle District. Accordingly, respondent violated Rule 1.4 as charged.

Rule 1.5(a): The board determined that respondent did not violate this rule. The record establishes that respondent did some work on Owen's behalf, and there is nothing to indicate that respondent willfully and knowingly collected a fee that would be unreasonable under the circumstances as he contemplated them.

Rules 1.5(f)(5) and 1.16(d): The board determined respondent did very little work on Owen's behalf and failed to fully perform the services for which he was

7

retained and compensated. Therefore, respondent failed to refund the unearned portion of the fee paid by Jody, in violation of Rules 1.5(f)(5) and 1.16(d).

Rules 1.16(a)(1) and 3.1: The board determined respondent knowingly filed a frivolous pleading in federal court. As such, he continued with Owen's representation even though to do so would result in a violation of the Rules of Professional Conduct. He also filed the habeas petition when he was not admitted to practice law in the Middle District. Accordingly, respondent violated Rules 1.16(a)(1) and 3.1 as charged.

Rule 3.4(c): The evidence in the record shows that respondent knew of the federal court's requirement that a memorandum be filed in support of a habeas petition, but he admitted he made a conscious decision to not file it. He also filed the habeas petition when he was not admitted to practice law in the Middle District. Therefore, the board determined that respondent disobeyed an obligation under the rules of a tribunal, in violation of Rule 3.4(c).

Rule 8.4(c): The board determined respondent engaged in conduct involving a misrepresentation when he filed Owen's habeas petition, thereby misrepresenting to the Middle District that he was admitted to practice law before the court. Therefore, respondent violated Rule 8.4(c).

Rule 8.4(d): The board determined that respondent engaged in conduct prejudicial to the administration of justice by filing a frivolous pleading with the Middle District. Accordingly, respondent violated Rule 8.4(d) as charged.

The board further determined respondent knowingly violated duties owed to his client and to the legal system. His conduct caused actual injury to his client by depriving him of his funds for a substantial period of time. Furthermore, respondent's filing of a frivolous pleading in federal court required unnecessary expenditure of the

Middle District's resources. After reviewing the ABA's *Standards for Imposing Lawyer Sanctions* and this court's prior jurisprudence involving similar misconduct, the board determined the baseline sanction is a suspension from the practice of law.

The board adopted the aggravating factors found by the committee and, additionally, found the aggravating factors of refusal to acknowledge the wrongful nature of the conduct and indifference to making restitution. The board determined the sole mitigating factor present is a cooperative attitude toward the disciplinary proceedings.

Under these circumstances, the board determined an appropriate sanction will require respondent to undergo formal reinstatement proceedings to ensure he can demonstrate his fitness to practice law. Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent immediately render a full accounting to his client, return the undisputed portion of the unearned fee, place any disputed portion of the fee in a trust account, and initiate fee dispute arbitration or a concursus proceeding to resolve any fee dispute.

Both respondent and the ODC filed objections to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09),

18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

In this matter, the record reveals respondent accepted a representation involving post-conviction relief proceedings when he was not competent to handle same. After researching the matter, respondent determined Owen had no non-frivolous claims to support post-conviction relief. Instead of informing Owen of this determination and allowing him to decide the future course of the representation, respondent simply failed to file post-conviction pleadings in state court. Accordingly, respondent failed to complete the representation he was hired to undertake. Yet, he refuses to refund any portion of the advanced fee, claiming he earned the entire amount.

When Owen provided him with arguments for a habeas petition, instead of terminating the representation and instructing Owen to seek other counsel, respondent filed the habeas petition despite believing the arguments were frivolous. Because respondent believed the arguments were frivolous, he deliberately failed to file the required supporting memorandum, failing to comply with the federal court's rules and again neglecting his client's legal matter. When the magistrate judge recommended Owen's habeas petition be dismissed, respondent again made no effort on his client's behalf to file an opposition.

Based on these facts, we find the record supports the rule violations found by the disciplinary board, except that we find no misconduct relating to respondent's filing of the habeas petition at a time when he was not admitted in the Middle

Case 3:10-mc-00091-UNA   Document 1   11/10/10   Page 11 of 13

District. We find that was a mistake on respondent's part which was quickly rectified.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Other than respondent negligently filing the habeas petition at a time when he was not admitted to practice law in the Middle District, his conduct appears to be knowing, if not intentional. He violated duties owed to his client and the legal system and caused actual harm to both. The baseline sanction for this type of misconduct is a period of suspension.

Aggravating factors include prior disciplinary offenses, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. In mitigation, we find the following: absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, and remorse.

Considering all the circumstances of this case, we find the appropriate sanction for respondent's misconduct is a one-year suspension from the practice of law. In light of the substantial mitigating factors present, we will defer three months of the suspension, subject to respondent's successful completion of a one-year period of

Case 3:10-mc-00091-UNA   Document 1   11/10/10   Page 12 of 13

unsupervised probation. Respondent is ordered as a condition of probation to make restitution to his client of the unearned portion of the $5,000 fee.

### DECREE

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Daniel E. Becnel, III, Louisiana Bar Roll number 20692, be and he hereby is suspended from the practice of law for one year. Three months of this suspension shall be deferred, subject to respondent's successful completion of a one-year period of unsupervised probation. Respondent is ordered as a condition of probation to make restitution to his client of the unearned portion of the $5,000 fee. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.